```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Criminal No. 04-cr-118-JD

William P. Trainor

O R D E R

William P. Trainor was convicted of five counts of wire fraud and one count of conspiracy to commit wire fraud and was sentenced to concurrent terms of sixty months in prison, to be followed by three years of supervised release.  Trainor was ordered to pay a special assessment of $600 and restitution in the amount of $202,895.84.[1]  He left prison and began his term of supervised release in June of 2009.

The United States Department of Justice sent Trainor an "Administrative Offset Notice," which is dated February 16, 2010, notifying Trainor that the balance due on his restitution obligation was $213,687.09 and that he "owe[s] this debt to the United States."[2]  The notice informed Trainor that pursuant to

---

[1] The restitution obligation was imposed jointly and severally on Trainor and his co-conspirators, Donald Smith and John DesMarais.

[2] Trainor provided a copy of only the first page of the notice.

the Debt Collection Act of 1982 the Department of Justice could refer the debt to the Department of the Treasury unless Trainor made certain arrangements to pay or otherwise address the debt. The notice also stated that Trainor had sixty days to make the necessary arrangements.

In response, Trainor, proceeding pro se, filed a motion to stay the government's collection activities and to order the government to accept a settlement of his restitution obligation. Trainor contends that he is unable to pay because he lives on social security, which provides $9,588 annually, and because the Internal Revenue Service has placed a lien against him in the amount of $6,013,522.29.  Trainor offers to settle his restitution obligation by paying $1,500.

The government objects to Trainor's motion, arguing generally that under the Crime Victims' Rights Act, 18 U.S.C. § 3771, it is obligated to collect restitution for crime victims and that the Mandatory Victim Restitution Act, 18 U.S.C. §§ 3663A and 3664, precludes the court from compromising the amount of restitution.  The government did not address the administrative offset notice sent to Trainor or the special instructions for

payment of restitution that were included in the judgment in Trainor's case.[3]

The judgment entered in Trainor's case on March 31, 2005, includes "[s]pecial instructions regarding the payment of criminal monetary penalties."  Judgment, Dkt. 126 at 7. Pertinent to the issue here, the judgment states:  "Upon commencement of the term of supervised release, the probation officer will review the defendant's financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court."  Id.  The court has not been provided the results of a review of Trainor's financial circumstances or a recommendation about a payment schedule.

The government has not shown that the Crime Victims' Rights Act, the Mandatory Victim Restitution Act, or the Debt Collection Act of 1982, which it cites in the Administrative Offset Notice, abrogates the terms of the judgment entered in this case. Indeed, the Mandatory Victim Restitution Act requires consideration of the defendant's financial resources in determining the manner and schedule for making restitution payments, which is consonant with the special instructions in the judgment.  See 18 U.S.C. § 3664(f)(2).

---

[3]The notice was sent from the office of the Department of Justice in Concord, New Hampshire.

## Conclusion

For the foregoing reasons, the defendant's motion (document no. 202) is granted to the extent that the government shall not make any attempt to collect the restitution owed by the defendant, through an administrative offset or otherwise, pending a further order of the court.  The motion is otherwise denied.

Because the government's collection efforts do not appear to comport with the special instructions included in the judgment entered in this case or the Mandatory Victim Restitution Act, the matter will proceed as follows:

1.  The defendant's probation officer shall review the defendant's financial circumstances, prepare a report of her findings, make a recommendation about the defendant's ability to pay the amount of restitution owed, and recommend a payment schedule if that is appropriate.  The probation officer's report and recommendations shall be filed **on or before June 15, 2010**, and shall be filed under seal if it contains confidential information.

2.  The government shall file a memorandum to show cause why the government's collection efforts are not subject to the special instructions included in the judgment entered in this case and the Mandatory Victim Restitution Act, §§ 3664(f)(2) and (3).  In the memorandum, the government shall cite the specific

statutory authority that authorizes the government to collect the restitution ordered, with reference to the particular circumstances of this case, including the special instructions. The government shall cite the parts and subparts of the governing statutes. The memorandum shall be filed **on or before June 30, 2010.**

The defendant may file a response to the government's memorandum **on or before July 15, 2010.**

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 19, 2010

cc: David H. Bownes, Esquire
    Donald A. Feith, Esquire
    Paul J. Garrity, Esquire
    Michael T. McCormack, Esquire
    Jack B. Patrick, Esquire
    William P. Trainor, pro se